

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,778-01

### EX PARTE BRANDON LOVINGOOD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 5668 IN THE 424TH DISTRICT COURT
### FROM SAN SABA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant contends his plea was involuntary because counsel failed to seek the suppression of a recording of a telephone call that was taken in violation of Applicant's Fifth Amendment right to counsel. Applicant also contends that his plea was involuntary because counsel advised Applicant incorrectly as to his parole eligibility. *Ex parte Moussazadeh*, 361 S.W.3d 684, 691–92 (Tex. Crim. App. 2012); TEX. GOV'T. CODE § 508.145(a). Applicant has alleged facts that, if true, might entitle

him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make specific findings as to whether counsel failed to move to suppress the recorded jail phone conversation. If the court finds counsel erred, it shall make specific findings as to whether there is a reasonable probability that, but for counsel's errors, Applicant would have insisted on a trial. The trial court shall also make specific findings as to whether counsel told Applicant that he would be eligible for parole in twelve and a half years, despite a conviction for continuous sexual abuse of a child. If the court finds counsel gave inaccurate advice as to parole, it should make specific findings as to whether that advice induced Applicant to plead guilty. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014

Do not publish